UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN HOBBY JOHNSON,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

**ORDER**

94 Cr. 631 (PGG)
16 Civ. 5113 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      On June 21, 2016, John Hobby Johnson[1] filed a petition pursuant to 28 U.S.C. § 2255, seeking an order vacating his Section 924(c) conviction under Johnson v. United States, 135 S. Ct. 2551 (2015). (No. 16 Civ. 5113, Pet. (Dkt. No. 1); No. 94 Cr. 631, Pet. (Dkt. No. 463))[2] On June 23, 2020, Hobby Johnson filed an amended petition, arguing that his Section 924(c) conviction should be vacated pursuant to United States v. Davis, 139 S. Ct. 2319 (2019). (Dkt. No. 496) For the reasons stated below, Hobby Johnson's petition will be denied.

## BACKGROUND

**I.    GUILTY PLEA AND SENTENCING**

      On April 1, 1996, John Hobby Johnson pled guilty to Counts One and Two of the (S12) Information before the Honorable Allen G. Schwartz. ((S12) Information (Dkt. No. 499-

---

[1] Although the charging instrument, plea agreement, plea transcript, and judgment all refer to Petitioner as "John Hobby Johnson" ((S12) Information (Dkt. No. 499-1); Plea Agreement (Dkt. No. 499-2); Plea Tr. (Dkt. No. 499-4); Judgment (Dkt. No. 499-3)), the Pre-Sentence Report and sentencing transcript indicate that Petitioner's true name is "John Hobby." (See PSR ¶ 74; Sent. Tr. (Dkt. No. 523) at 9) This Order refers to Petitioner as "Hobby Johnson."

[2] Unless otherwise indicated, citations are to the docket in 94 Cr. 631.

1); Plea Agreement (Dkt. No. 499-2); Plea Tr. (Dkt. No. 499-4) at 29[3])  Count One of the (S12) Information charges Hobby Johnson with participating in a racketeering enterprise – the 142nd Street and Lenox Avenue Crew – in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).  Count One lists two predicate acts of racketeering:  conspiracy to murder Ronald Hill, in violation of New York Penal Law Sections 105.15 and 125.25; and conspiracy to murder Robert Travis Reeves, in violation of New York Penal Law Sections 105.15 and 125.25.  ((S12) Information (Dkt. No. 499-1) at 4-5)  Count Two charges Hobby Johnson with using and carrying a firearm "during and in relation to a crime of violence, to wit, the murder in aid of racketeering of Donald Moore, a/k/a 'Duck,'" in violation of 18 U.S.C. § 924(c).  (Id. at 5)

During his plea allocution, Hobby Johnson stated – with respect to Count Two – that the leader of the gang – Charles Leon Brown – asked him to kill Moore, because Moore had robbed a number of friends and associates of the gang.  (Plea Tr. (Dkt. No. 499-4) at 25-27)  On November 9, 1989, Hobby Johnson and an associate named "Carlton" observed Moore in the vicinity of 141st Street between Seventh and Eighth Avenues in Harlem.  Hobby Johnson was armed with a .45 caliber pistol, while Carlton was carrying an Uzi submachine gun.  Hobby Johnson and Carlton shot Moore to death.  (Id. at 27-29)

On September 18, 1996, Judge Schwartz sentenced Hobby Johnson to 240 months' imprisonment on Count One and to 60-months' imprisonment on Count Two, with those terms to run consecutively.  (Judgment (Dkt. No. 499-3) at 3)

---

[3]  The page numbers referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

## II.  HOBBY JOHNSON'S HABEAS PETITION

On June 21, 2016, Hobby Johnson filed a Section 2255 petition challenging his Section 924(c) conviction under Johnson v. United States, 135 S. Ct. 2551 (2015).  (Pet. (Dkt. No. 463); 16 Civ. 5113, Pet. (Dkt. No. 1)).  The case was reassigned to this Court on June 22, 2016.  (Dkt. No. 462)  In an August 2, 2016 letter, Petitioner's counsel asked this Court to stay Hobby Johnson's petition in light of two cases pending in the Second Circuit that implicated Johnson.  (Dkt. No. 465)  On August 19, 2016, this Court granted Petitioner's stay request.  (Dkt. No. 466)

On June 24, 2019, the Supreme Court issued its decision in United States v. Davis, holding that 18 U.S.C. § 924(c)(3)(B) – in which "crime of violence" is defined – is unconstitutionally vague.  United States v. Davis, 139 S. Ct. 2319, 2336 (2019).

On June 23, 2020, Hobby Johnson filed an amended petition challenging his Section 924(c) conviction under Davis.  (Dkt. No. 496)  On June 29, 2020, the Court directed the Government to respond to Hobby Johnson's submissions.  (Dkt. No. 497)  On July 10, 2020, the Government filed its opposition (Govt. Opp. (Dkt. No. 499)), and Petitioner filed a reply on July 21, 2020.  (Pet. Reply (Dkt. No. 502))

## DISCUSSION

## I.  LEGAL STANDARD

28 U.S.C. § 2255 provides, in relevant part, that "[a] prisoner in custody under sentence of a [Federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence . . . is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "Relief under section

2255 is available only 'for constitutional error, lack of jurisdiction, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" Rosa v. United States, 170 F. Supp. 2d 388, 396 (S.D.N.Y. 2001) (quoting Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996)).

## II. ANALYSIS

Hobby Johnson contends that his "[Section] 924(c) conviction is no longer valid" in light of Davis, because the predicate offense – murder in aid of racketeering in violation of 18 U.S.C. § 1962 – can no longer be considered a "crime of violence." (Am. Pet. (Dkt. No. 496) at 2)

Section 924(c)(1)(A) makes it illegal, "during and in relation to any crime of violence[,] . . . [to] use[ ] or carr[y] a firearm, or . . . in furtherance of any such crime, [to] possess[ ] a firearm."  18 U.S.C. § 924(c)(1)(A).  Section 924(c)(3) defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"); or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause").  18 U.S.C. § 924(c)(3); Davis, 139 S. Ct. at 2324.  In Davis, the Supreme Court held that the "residual clause" is unconstitutionally vague.  Davis, 139 S. Ct. at 2336.  Therefore, Hobby Johnson's Section 924(c) conviction can only stand if the predicate offense, murder in aid of racketeering, constitutes a "crime of violence" under the "elements clause."

"To determine whether an offense is a crime of violence, courts employ what has come to be known as the 'categorical approach.'"  United States v. Hill, 890 F.3d 51, 55 (2d Cir. 2018) (citation omitted).  "However, when a statute is divisible, meaning it 'list[s] elements in

4

the alternative, and thereby define[s] multiple crimes,' reviewing courts apply the 'modified categorical approach,' under which the court reviews a limited set of documents . . . , including for example, the indictment, plea agreement, and plea colloquy 'to determine, what crime, with what elements, the defendant was convicted of.'" DeJesus v. United States, No. 11 CR 974-03 (CM), 2019 WL 6711478, at *2 (S.D.N.Y. Dec. 10, 2019) (quoting Mathis v. United States, 136 S. Ct. 2243, 2249 (2016)).  "Whether a court employs the categorical or modified categorical approach, in the Section 924(c) context, once the crime and elements are identified, the court 'consider[s] the minimum conduct necessary for a conviction of the predicate offense . . . , and then considers whether such conduct amounts to a crime of violence' under the statute."  Id. (quoting Hill, 890 F.3d at 56).

Here, Hobby Johnson contends that, "[f]or purposes of the categorical analysis, the predicate offense was murder in aid of racketeering, [Section] 1962, an offense that is comprised of a single, indivisible set of elements with varying means of commission under State law."  (Pet. Reply (Dkt. No. 502) at 6)  According to Hobby Johnson, because the offense set forth in Section 1962 is indivisible, this Court should not "consult[] the indictment or plea colloquy to determine which specific variant formed the basis of [his] conviction."  (Id. at 5)[4]

This Court concludes, however, that the issue here turns on "what the federal statute criminalizes" – that is, the "behavior that qualifies as 'murder' under state law."  Boykin

---

[4] Because Hobby Johnson raised this argument for the first time in his reply, his argument is not properly before the Court. See, e.g., United States v. Sampson, 898 F.3d 287, 314 (2d Cir. 2018) ("[I]t is well-settled that we will not usually entertain an argument made for the first time in a reply brief"); United States v. E. River Hous. Corp., 90 F. Supp. 3d 118, 162 (S.D.N.Y. 2015) (collecting cases).  The Government's position is clear from its opposition brief, however.  The Government contends that "[m]urder in aid of racketeering remains a valid predicate offense [for a Section 924(c) charge] because it meets the [elements] clause's definition of 'crime of violence' – it is a felony that 'has as an element the use . . . of physical force against the person . . . of another[.]'" (Govt. Opp. (Dkt. No. 499) at 4)

v. United States, No. 16 CV 4185 (CM), 2020 WL 774293, at *6 (S.D.N.Y. Feb. 18, 2020).[5] Accordingly, this Court must look to the New York murder statute, Penal Law § 125.25. Because that statute "'plainly criminalizes multiple acts in the alternative, thereby defining multiple crimes, it is considered divisible,' which makes it appropriate to use the language in the indictment and subsequent plea colloquy in order to determine which subsection applies." Boykin, 2020 WL 774293, at *6 (quoting Rizzuto v. United States, No. 16-CV-3557 (ERK), 2019 WL 3219156, at *3 (E.D.N.Y. July 17, 2019)).

Hobby Johnson's plea colloquy makes clear that the applicable subsection is Penal Law § 125.25(1), which addresses intentional murder. During his allocution, Hobby Johnson stated that he was asked by the gang's leader to kill Donald Moore, because Moore had robbed a number of friends and associates of the gang. (Plea Tr. (Dkt. No. 499-4) at 25-27) On November 9, 1989, Hobby Johnson and an associate found Moore in the vicinity of 141st Street between Seventh and Eighth Avenues, and the two men shot Moore to death. (Id. at 27-29) Hobby Johnson thus acted "[w]ith intent to cause the death of another person," and "cause[d] the death of such person . . . ." N.Y. Penal Law § 125.25(1).

This Court must go on to determine the minimum conduct necessary to commit an offense under Penal Law § 125.25(1), and whether that minimum conduct constitutes a "crime of violence" under the "elements clause" of Section 924(c)(3)(A). Hobby Johnson contends that because – under New York law – murder can be committed recklessly or by omission, this offense does not satisfy the "elements clause" definition of "crime of violence" under Section 924(c)(3)(A). (Am. Pet. (Dkt. No. 496) at 4-5)

---

[5] Hobby Johnson cites Harbin v. Sessions, 860 F.3d 58, 64 (2d Cir. 2017) in support of his divisibility argument, but Harbin addresses not murder but criminal sale of a controlled substance. Accordingly, Harbin is not on point.

The Second Circuit "ha[s] not held in a precedential opinion that New York State murder is categorically a crime of violence under § 924(c)(3)(A), although [it] ha[s] done so in summary orders." United States v. Herron, 762 F. App'x 25, 32 n.5 (2d Cir. 2019) (summary order) (collecting cases); see also United States v. Sierra, 782 F. App'x 16, 20 (2d Cir. 2019) (summary order) (upholding conviction under Section 924(c) based on predicate offenses including, inter alia, murder in aid of racketeering, because "murder is a crime involving the use of [physical] force").

Other circuits have similarly held that murder is a crime of violence under the "elements clause." See, e.g., United States v. Garcia, 811 F. App'x 472, 477 (10th Cir. 2020); In re Irby, 858 F.3d 231, 238-39 (4th Cir. 2017) (holding that second-degree murder is a crime of violence under the elements clause, because "one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another").

And courts in this District have consistently held that "murder in aid of racketeering under N.Y. Penal Law § 125.25 and 18 U.S.C. § 1959(a)(1) . . . meets the definition of crime of violence under § 924(c)(3)(A) (the elements clause)," because "[i]t 'has as an element the use, attempted use or threatened use of physical force against the person or property of another.'" Lagos v. United States, No. 10-CR-392-9 (CS), 2019 WL 6702578, at *1 (S.D.N.Y. Feb. 28, 2019); accord Boykin, 2020 WL 774293, at *8 ("Given the Supreme Court's conclusion that the intentional causation of bodily injury necessarily involves the use of physical force, it is impossible not to conclude that the intentional causation of death, as required by N.Y. Penal Law § 125.25(1), necessarily involves the use of physical force." (internal quotation marks and citation omitted)); United States v. Erbo, No. 08 CIV. 2881 (LAP), 2020 WL 6802946, at *3 (S.D.N.Y. Nov. 19, 2020) (holding that murder in aid of racketeering is a crime of violence).

Hobby Johnson argues that Penal Law § 125.25(1) is not a "crime of violence," because it does not contain "the requisite use of force." According to Petitioner, under the statute, murder "can be committed by culpable omission." (Pet. Reply (Dkt. No. 502) at 8)  The Second Circuit has rejected this argument, however.  See Sierra, 782 F. App'x at 20 ("Lopez-Cabrera argues that murder can be committed by omission, and therefore that the use of force is not an element of his murder convictions.  But that argument is foreclosed by our holding that the 'use of physical force can encompass acts undertaken to cause physical harm, even when the harm occurs indirectly.'  United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018).").

Hobby Johnson argues that United States v. Scott, 954 F.3d 74 (2d Cir. 2020), "supplant[s]" the non-precedential opinion in Sierra.  (Pet. Reply (Dkt. No. 502) at 9)  In Scott, the Second Circuit held "that New York first-degree manslaughter is not a crime of violence under the force clause . . . because it can be committed by inaction."  Scott, 954 F.3d at 87.  Because the issue here is murder under Penal Law § 125.25(1), and not manslaughter under Penal Law § 125.20, Scott is not on point.  See Boykin, 2020 WL 774293, at *7 ("[M]anslaughter . . . is not the same crime as murder.").  Courts in this District have not read Scott as suggesting that murder in violation of Penal Law § 125.25(1) is not a "crime of violence."  See Erbo, 2020 WL 6802946, at *3 (rejecting "[defendant's] contention that murder in aid of racketeering does not constitute a 'crime of violence'" (citing Sierra, 782 F. App'x at 20; Boykin, 2020 WL 774293 at *5-6)); United States v. Rodriguez, No. 94 CR. 313 (CSH), 2020 WL 1878112, at *16 (S.D.N.Y. Apr. 15, 2020) (indicating that, post-Scott, murder remains a valid predicate for a Section 924(c) charge).  Indeed, Hobby Johnson has not cited any case holding that murder under Penal Law § 125.25(1) does not constitute a "crime of violence."

**CONCLUSION**

For the reasons stated above, Hobby Johnson's petition under 28 U.S.C. § 2255 to vacate his Section 924(c) conviction is denied.

A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Where, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Hobby Johnson can make no such showing here, and accordingly a certificate of appealability will not issue.

The Clerk of Court is directed to close the case (16 Civ. 5113).

Dated: New York, New York
       February 17, 2021

SO ORDERED.

Paul G. Gardephe
United States District Judge